UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                          CASE NO. 8:20-cr-252-WFJ-TGW

DAVION RIVERS

## UNITED STATES' AMENDED NOTICE OF INTENT TO USE EVIDENCE AND FILING CERTIFICATE OF AUTHENTICITY FOR BUSINESS RECORDS

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and through its representative, the undersigned Assistant United States Attorney, hereby files the attached declarations of authentication for certain business records to be admitted at trial. The below-described records are in the United States' possession and have been provided to the defendant as part of discovery. Further, in support thereof, the United States submits the following:

    1.     At trial, the United States expects to offer the following business records into evidence, pursuant to Federal Rules of Evidence 803(6) and 902(11):

        a.     Business records of Taurus Holdings, Inc., relating to where the Taurus Judge revolver bearing serial number KX339619 was manufactured and first shipping location. The business declaration and invoice are attached as Exhibit 1 and Exhibit 2.

  b. Business records of Lipsey's LLC., relating to where the Taurus Judge revolver bearing serial number KX339619 was shipped location. The business declaration and invoice are attached as Exhibit 3 and Exhibit 4.

 2. Federal Rule of Evidence 902(11) permits authentication of business records of regularly conducted activity by a written declaration of a custodian or other qualified person. Further, extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> (11) Certified Domestic Records of Regularly Conducted Activity.–The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any . . . rule prescribed by the Supreme Court pursuant to statutory authority . . .

The Advisory Committee Notes addressing the 2000 Amendments to the Federal Rules of Evidence make clear that "[a] declaration that satisfies 28 U.S.C. § 1746 would satisfy the declaration requirement of Rule 902(11), as would any comparable certification under oath."

 3. A written declaration attesting to the authenticity of a business record is not testimonial in nature. The Supreme Court specifically observed that business records "by their nature are not testimonial." *Crawford v. Washington*, 584 U.S. 36, 56 (2004). In *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006), the court concluded that business records could be properly introduced pursuant to Federal Rules of Evidence 803(6) and 902(11). *See also*, *United States v. Hagege*, 437 F.3d 943, 957-958

(9th Cir. 2006) (holding that "foreign business records admitted under § 3505 are not subject to the *Crawford* requirement of confrontation"); *United States v. Lopez-Moreno*, 420 F.3d 420, 436-437 (5th Cir. 2005) (holding that public records are not testimonial and recognizing that, under *Crawford*, business records are not testimonial and are not subject to the requirements of the Confrontation Clause). The Court of Appeals for the District of Columbia followed *Ellis*' reasoning in *United States v. Adefehinti*, 510 F.3d 319, 325-328 (D.C. Cir. 2008) (reversing conviction on other grounds). The court held that it is not necessary for the certifying records custodian to have personal knowledge of the creation of the records maintained by the business. *Id*. at 325.

4. The United States is not aware of any bases that would constitute a legitimate challenge to the admissibility of any of the above records under Federal Rules of Evidence 902(11) and 803(6). Custodians for these documents lack any personal knowledge of the underlying case and would be called solely to admit the aforementioned records. Furthermore, calling such witnesses at trial would needlessly delay the proceedings and result in the unnecessary expenditure of valuable judicial and government resources.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: */s/ Charlie D. Connally*
Charlie D. Connally
Assistant United States Attorney
Florida Bar No. 94875
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: charlie.connally@usdoj.gov

U.S. v. Rivers                                              Case No. 8:20-cr-252-WFJ-TGW

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    Anne F. Borghetti, Esquire

                                                  By:  */s/ Charlie D. Connally*
                                                          Charlie D. Connally
                                                          Assistant United States Attorney
                                                          Florida Bar No. 98475
                                                          400 N. Tampa Street, Suite 3200
                                                          Tampa, Florida 33602-4798
                                                          Telephone:   (813) 274-6000
                                                          Facsimile:    (813) 274-6358
                                                          E-mail: charlie.connally@usdoj.gov